IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
AMERICAN FEDERATION OF STATE, :
COUNTY & MUNICIPAL EMPLOYEES, :
EMPLOYEES PENSION PLAN, and : Civil Action No. _____
CONNECTICUT RETIREMENT PLANS :
AND TRUST FUNDS, :
 :
Plaintiffs, :
 :
-v.- : January 23, 2007
 :
HEWLETT-PACKARD COMPANY :
 :
Defendant. :
---------------------------------------------------------------x

## COMPLAINT

American Federation of State, County & Municipal Employees, Employees Pension Plan ("AFSCME") and Connecticut Retirement Plans and Trust Funds ("Connecticut Trust Funds"), (collectively, "Plaintiffs"), by their undersigned counsel, allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action for a declaratory judgment and injunctive relief to vindicate its rights as a shareholder of Hewlett-Packard Company ("HP" or the "Company") to have HP include with its proxy materials a shareholder proposal submitted by Plaintiffs (the "Proposal") which HP wrongfully intends to exclude when it issues its 2007 proxy materials in violation of Section 14a of the Securities and Exchange Act (the "Exchange Act") and Rule 14a-8 promulgated thereunder.

2. The Proposal at issue here is commonly referred to as a "shareholder access" or "proxy access" proposal. In essence the proposal advocates the adoption of a bylaw that would, if enacted by the shareholders, require the Company, under certain circumstances, to publish the names of director candidates nominated by the shareholders.

3. The dispute in this case centers around the application of SEC Rule 14a-8(i)(8), which permits companies to exclude a shareholder proposal from corporate proxy materials if the proposal "relates to an election." Specifically, HP has stated expressly that it intends to exclude the Proposal from the Company's 2007 proxy materials under Rule 14a-8(i)(8), because, in its opinion, the Proposal "relates to an election."

4. In 1976, the last time the SEC issued a statement concerning Rule 14a-8(i)(8), it indicated that the Rule should be interpreted narrowly and not allow companies to exclude proposals that establish procedures for governing elections. *See* Release No. 34-12598, 1976 WL 160410 (July 7, 1976) ("1976 Statement"). Since the late 1990s, however, and with very few exceptions, the SEC's Division of Corporation Finance (the "Division") generally has held the position that companies may exclude shareholder access proposals under Rule 14a-8(i)(8).

5. On September 5, 2006, however, the Court of Appeals for the Second Circuit ruled that the Division's post-1998 interpretation of Rule 14a-8(i)(8) was wrong, and that, under the SEC's interpretation of the Rule as articulated in the 1976 Statement, companies are *not* permitted to exclude "proxy access" proposals such as the Proposal at issue in this case. Specifically, in *American Fed'n of State, County & Mun. Employees v. Am. Int'l Group*, 462 F.3d 121, 130 (2nd Cir. 2006) ("*AFSCME v. AIG*"), the Court held that, under the 1976 Statement, Rule 14a-8(i)(8) only permits the exclusion of "shareholder proposals that related to ***a particular election***" and not shareholder access proposals that establish a procedure governing corporate elections in general.

6. Notwithstanding the clear holding of the Court of Appeals for the Second Circuit in *AFSCME v. AIG*, on November 3, 2006, HP invoked the SEC's "no-action" process by letter to the Division of Corporation Finance (the "Division") of the SEC stating its intention to

exclude the Proposal pursuant to Rule 14a-8(i)(8). The letter blatantly stated that HP believed the Second Circuit Court of Appeals decision was wrong and that it could exclude the Proposal from its proxy materials.

7.  In response to HP's letter, on January 22, 2007, the Division stated in a letter to HP's counsel ("No Action Response") that it "express[ed] no view concerning whether HP may exclude the proposal under rule 14a-8(i)(8)." HP's November 3, 2006 letter stated without support that the Ninth Circuit and not the Second Circuit was the applicable jurisdiction. The Division, however, stated it was "unable to dispute or concur in this assumption."

8.  HP, however, is not allowed to simply disregard the law as established in *AFSCME v. AIG* and instead to exclude the proposal at issue based on what the Court of Appeals of the Second Circuit has already determined to be an *incorrect* interpretation of Rule 14a-8(i)(8). HP's entreaties to the Division notwithstanding, the Proposal submitted to the Company by the Plaintiffs in this case is entirely appropriate and may not be excluded under applicable SEC Rules governing the solicitation of proxies.

9.  In this action, Plaintiffs seek a declaratory judgment that HP may not rely on SEC Rule 14a-8(i)(8) to exclude from its 2007 proxy statement the Proposal that advocates the adoption of a bylaw which, if approved by the Company's shareholders, would establish a procedure that would require the Company, under certain circumstances, to publish the names of director candidates nominated by shareholders.

**JURISDICTION AND VENUE**

10. The claim asserted herein arises under and pursuant to Section 14(a) of the Securities and Exchange Act, 15 U.S.C. §78n, and Rule 14a-8, 17 C.F.R. § 240.14a-8, promulgated thereunder.

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. §78aa.

12. The Court has personal jurisdiction because HP solicits proxies in this District and intends to impair the Connecticut Trust Funds' right to submit a shareholder proposal in this District. Furthermore, HP maintains a continuous and systematic presence in this District by, *inter alia*, marketing and selling HP products in the District and by employing numerous agents and employees in this District.

13. Venue is proper in this District pursuant to Section 27 of the Exchange Act because Defendant transacts business in the state and under 28 U.S.C. §1391(b) because Defendant "resides" in the District.

14. In connection with the acts alleged in this complaint, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails and interstate telephone communications.

## THE PARTIES

15. AFSCME administers the pensions of some 2,300 beneficiaries. AFSCME maintains its headquarters at 1625 L Street, N.W., Washington, D.C.

16. Connecticut Trust Funds consists of six state pension and eight state trust funds and manages the retirement funds for approximately 160,000 teachers, state, and municipal employees. It is located at 55 Elm St Hartford, CT 06106-1746.

17. HP is a Delaware corporation and maintains its corporate headquarters at Palo Alto, CA.

## BACKGROUND

A. **The Regulatory Scheme**

18.     Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act") renders unlawful the solicitation of proxies in violation of the SEC's rules and regulations, which are codified at 17 C.F.R. § 240.14a-1 *et seq.*

19.     SEC rules promulgated under the 1934 Act contain a so called "town hall meeting" provision, which enables shareholders to publish proposals in corporate proxy materials. *See* Rule 14a-8, 17, C.F.R. § 240.14a-8. Under the town hall meeting rule, if a shareholder meets certain procedural requirements they may submit a shareholder proposal so long as it does not fall into any one of twelve categories.

20.     SEC Rule 14a-8, plays an important role in the SEC's goal of regulating disclosure issues in proxy statements. The Rule addresses the procedures for submitting shareholder proposals, prescribes when a company must include a shareholder's proposal in the company's proxy statement, and lists the circumstances under which a shareholder proposal may be excluded by the company. 17 C.F.R. ¶ 240.14(a)(m).

21.     Rule 14a-8(b)(1) requires, among other things, that to be eligible to submit a proposal, the shareholder "must have continuously held at least $2,000 in market value, or 1%, of the company's securities entitled to be voted on the proposal at the meeting for at least one year prior to the date on which the [shareholder] submitted the proposal." 17 C.F.R. § 240.14a-8(b)(1). Procedurally, the rule requires that shareholder proposals be limited to 500 words (17 C.F.R. § 240.14a-8(d)), and must be submitted to the Company no later than 120 days before the publication of the company's proxy statement. 17 C.F.R. § 240.14a-8(e)(2).

22.     If a shareholder satisfies the eligibility and procedural requirements, Rule 14a-8 permits the company to exclude an offered proposal *only* if the proposal falls within thirteen

specifically enumerated categories.[1] In other words, a company *cannot* exclude a shareholder's proposal from the company's proxy materials unless the company meets its burden of

---

[1] Specifically, in question-and-answer format, Rule 14a-8 lists thirteen grounds upon which a company may rely to exclude a shareholder proposal from the company's proxy:

(i) *Question 9:* If I have complied with the procedural requirements, on what other bases may a company rely to exclude my proposal?

(1) *Improper under state law:* If the proposal is not a proper subject for action by shareholders under the laws of the jurisdiction of the company's organization;

(2) *Violation of law:* If the proposal would, if implemented, cause the company to violate any state, federal, or foreign law to which it is subject;

(3) *Violation of proxy rules:* If the proposal or supporting statement is contrary to any of the Commission's proxy rules, including § 240.14a-9, which prohibits materially false or misleading statements in proxy soliciting materials;

(4) *Personal grievance; special interest:* If the proposal relates to the redress of a personal claim or grievance against the company or any other person, or if it is designed to result in a benefit to you, or to further a personal interest, which is not shared by the other shareholders at large;

(5) *Relevance:* If the proposal relates to operations which account for less than 5 percent of the company's total assets at the end of its most recent fiscal year, and for less than 5 percent of its net earnings and gross sales for its most recent fiscal year, and is not otherwise significantly related to the company's business;

(6) *Absence of power/authority:* If the company would lack the power or authority to implement the proposal;

(7) *Management functions:* If the proposal deals with a matter relating to the company's ordinary business operations;

(8) *Relates to election:* If the proposal relates to an election for membership on the company's board of directors or analogous governing body;

(9) *Conflicts with company's proposal:* If the proposal directly conflicts with one of the company's own proposals to be submitted to shareholders at the same meeting;

(10) *Substantially implemented:* If the company has already substantially implemented the proposal;

(11) *Duplication:* If the proposal substantially duplicates another proposal previously submitted to the company by another proponent that will be included in the company's proxy materials for the same meeting;

(12) *Resubmissions:* If the proposal deals with substantially the same subject matter as another proposal or proposals that has or have been previously included in the company's proxy materials within the preceding 5 calendar years, a company may exclude it from its proxy materials for any meeting held within 3 calendar years of the last time it was included if the proposal received:

(i) Less than 3% of the vote if proposed once within the preceding 5 calendar years;

(ii) Less than 6% of the vote on its last submission to shareholders if proposed twice previously within the preceding 5 calendar years; or

(iii) Less than 10% of the vote on its last submission to shareholders if proposed three times or more previously within the preceding 5 calendar years; and

6

demonstrating that the proposal falls within one of the thirteen enumerated exclusions to the Rule. If the company fails to meet its burden, assuming the shareholder is eligible and has met the procedural requirements for submitting the proposal, the company *must* include the proposal with the company's proxy materials.

23. Rule 14a-8(i)(8) allows companies to exclude a shareholder proposal that "relates to an election." The Court of Appeals for the Second Circuit, however, has held this exclusion does not allow companies to exclude shareholder access proposals from their proxy statements. Nevertheless, relying on outdated No-Act Letters from the Division, HP has chosen to ignore binding authority in the Second Circuit and exclude the Proposal from its proxy materials

**B.    Plaintiffs' Shareholder Proposal**

24. On September 21, 2006, AFSCME notified HP that AFSCME was submitting a shareholder proposal that AFSCME intended to present at the 2007 Annual Meeting. AFSCME's Proposal would amend the Company's bylaws to establish a procedure by which an eligible shareholder may ensure the inclusion in HP's proxy statement and on its proxy card of a nominee for election to HP's board of directors.

25. On September 22, 2006 the Connecticut Trust Funds informed HP that it joined AFSCME in the submission of the Proposal.

26. The Proposal advocated the adoption of the following bylaw:

> HP shall include in its proxy materials for a meeting of stockholders at which directors are to be elected the name, together with the Disclosure and Statement (both as defined in this section 3.17), of any person nominated for election to the Board of Directors by a stockholder or group thereof that satisfies the requirements of this section 3.17 (the "Nominator"), and allow stockholders to

---

(13) *Specific amount of dividends:* If the proposal relates to specific amounts of cash or stock dividends.

vote with respect to such nominee on HP's proxy card. Each Nominator may nominate up to two candidates for election at a meeting.

A Nominator must:

(a) have beneficially owned 3% or more of HP's outstanding common stock (the "Required Shares") for at least one year;

(b) provide written notice received by HP's Secretary within the time period specified in section 2.2(c) of these Bylaws containing (i) with respect to the nominee, (A) the information required by section 2.2(f) of these bylaws and (B) such nominee's consent to being named in the proxy statement and to serving as a director if elected; and (ii) with respect to the Nominator, proof of ownership of the Required Shares; and

(c) execute an undertaking that it agrees to (i) assume all liability stemming from any legal or regulatory violation arising out of the Nominator's communications with HP stockholders, including, without limitation, the Disclosure and Statement; (ii) to the extent it uses soliciting material other than HP's proxy materials, comply with all laws and regulations, including, without limitation, the SEC's Rule 14a-12.

The Nominator may furnish a statement, not to exceed 500 words, in support of the nominee's candidacy (the "Statement"), at the time the Disclosure is submitted. The Board of Directors shall adopt a procedure for timely resolving disputes over whether notice was timely given and whether the Disclosure and Statement comply with this section 3.17 and any applicable SEC rules.

27. In submitting the Proposal, both AFSCME and the Connecticut Trust Funds met the procedural and eligibility requirements for submitting shareholder proposals to HP.

28. Specifically, in submitting the Proposal, AFSCME set forth the following information to indicate its eligibility and compliance with the procedural requirements of Rule 14a-8:

   a. AFSCME is the beneficial owner of 13,305 shares, comprising at least $2,000 in market value of HP's common stock;

   b. AFSCME had held those shares for over one year as of September 21, 2006, and intends to hold those shares through the date of the Annual Meeting;

   c. AFSCME's agent intends to appear in person or by proxy at the 2007 Annual Meeting to present the proposal; and

8

        d.    AFSCME has no "material interest" other than that believed to be shared by stockholders of HP generally.

29.    Similarly, in submitting the Proposal, the Connecticut Trust Funds set forth the following information to indicate its eligibility and compliance with the procedural requirements of Rule 14a-8:

        a.    Connecticut Trust Funds is the beneficial owner of 1,938,512 shares, comprising at least $2,000 in market value of HP's common stock; and

        b.    Connecticut Trust Funds had held those shares for over one year as of September 22, 2006, and intends to hold those shares through the date of the Annual Meeting.

30.    On November 3, 2006, HP stated it intention to exclude the Proposal and to simply disregard the Second Circuit's decision in *AFSCME v. AIG*, invoking the SEC's "no-action" process by letter to the Division of Corporation Finance (the "Division") of the SEC. The no-action request stated, in no uncertain terms, the Company's position that it intended to omit the proposal from the proxy materials that are going to be distributed by the Company in advance of its 2007 Annual Meeting on grounds that the Proposal relates to the election for membership on the Company's board of directors in violation of SEC Rule 14a-8(i)(8).

31.    On January 22, 2007, the Division refused to express a view on whether HP could exclude the proposal under Rule 14a-8(i)(8).

**C.    The Shareholder Proposal Does Not Violate Rule 14a-8(i)(8)**

32.    The Proposal establishes a procedure enabling certain shareholders to include their nominees for directors in the Company's proxy materials.

33.    On September 5, 2006, the Court of Appeals for the Second Circuit held that a substantially similar shareholder proposal submitted by AFSCME to American International Group ("AIG") could not be excluded from AIG's proxy under Rule 14a-8(i)(8). The Court held

that the election exclusion in Rule 14a-8(i)(8) only applies to "shareholder proposals that related to *a particular election*." (emphasis added). Thus, the Court interpreted the exclusion in Rule 14a-8(i)(8) narrowly, holding:

> *[T]he election exclusion is limited to shareholder proposals used to oppose solicitations dealing with an identified board seat in an upcoming election* and rejects the somewhat broader interpretation that the election exclusion applies to shareholder proposals that would institute procedures making such election contests more likely.

*AFSCME v. AIG*, 462 F.3d at 128 (emphasis added).

34. HP, however, has chosen to ignore the clear holding in *AFSCME v. AIG* intends to exclude the Proposal from the Company's 2007 proxy materials on the grounds that it improperly "relates to an election" and thus may be excluded under SEC Rule 14a-8(i)(8).

### FIRST CLAIM

### VIOLATION OF SECTION 14A OF THE SECURITIES EXCHANGE ACT AND RULE 14A-8 PROMULGATED THEREUNDER AGAINST HP

35. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

36. On or about September 21, 2006, AFSCME notified HP that it was submitting a proposal that Plaintiffs intended to present at the 2007 Annual Meeting of Shareholders and requested that the proposal be included in HP's proxy materials which are being mailed to the Company's shareholders as required by Rule 14a-8, 17 C.F.R. §240.14a-8. AFSCME's proposal would amend HP's bylaws to establish a procedure by which an eligible shareholder may ensure the inclusion in HP's proxy statement and on its proxy card of a nominee for election to HP's board of directors. On September 22, 2006, the Connecticut Trust Funds joined in this submission.

10

37. AFSCME and the Connecticut Trust Funds satisfied all applicable procedural and eligibility requirements for submitting the Proposal to HP for inclusion in the Company's 2007 proxy materials. As of September 21, 2006, AFSCME was the beneficial owner of HP shares that had at least $2,000 in market value, or constituted at least 1%, of voting common stock of HP and has held those shares for over one year. AFSCME intends to hold those shares through the date of the Annual Meeting and intends to appear in person or by proxy at the Annual Meeting to present the proposal. AFSCME has no "material interest" in the proposal other than that believed to be shared by stockholders of HP generally. As of September 22, AFSCME was the beneficial owner of in excess of $2,000 in market value of HP's publicly traded common stock, had held such an interest for more than one year prior to that date, and stated its intention to hold such shares through the date of HP's 2007 annual meeting. Plaintiffs' Proposal, therefore, in all respects satisfied the procedural requirements established by Rule 14a-8, 17 C.F.R. §240.14a-8, to be included in HP's 2007 proxy materials.

38. On or about November 3, 2006, HP informed Plaintiffs that it did not intend to include the Proposal in the Company's 2007 proxy materials, and sought no-action relief from the SEC's Division of Corporation Finance with respect to its decision to omit the Proposal.

39. HP's stated decision to omit the Proposal from its proxy materials violates §14a of the Securities and Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8, and is directly contrary to the decision of the Court of Appeals of the Second Circuit in *AFSCME v. AIG*.

40. Plaintiffs have no adequate remedy at law and face imminent and irreparable loss of its rights as a result of HP's decision to omit the Proposal from the Company's proxy materials.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that this Court enter a judgment providing the following relief:

A. Declaratory judgment that HP's decision to omit the Proposal from its 2007 proxy materials violates Section 14(a) of the Securities Exchange Act and Rule 14a-8, 17 C.F.R. §240.14a-8;

B. Injunctive relief compelling HP to include the Proposal in its proxy materials;

C. An order awarding Plaintiffs their costs of litigation, including reasonable attorneys' fees, pursuant to the common benefit rule; and

D. Any other relief as the Court deems just and proper.

Dated: January 23, 2007

/s/ Maura H. Horan
Maura H. Horan
Federal Bar No. ct 03839
RUBEN, JOHNSON & MORGAN, P.C.
249 Pearl Street
Hartford, CT 06103
Tel: (860) 275-6889
Fax (860) 275-6884
Email: maura.horan@rjmlaw.com

Lisa Kelly Morgan
Federal Bar No. ct02201
RUBEN, JOHNSON & MORGAN, P.C.
249 Pearl Street
Hartford, CT 06103
Tel: (860) 275-6885
Fax (860) 275-6884
Email: lisa.kelly.morgan@rjmlaw.com

Jay W. Eisenhofer
GRANT & EISENHOFER P.A.
45 Rockefeller Center, 15th Floor
630 Fifth Avenue
New York, NY 10111
Tel: (646) 722-8500
Fax: (646) 722-8501

Michael J. Barry
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax 302-622-7100
*Attorneys for Plaintiffs*